IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIFFANY HOVIS and DONNA DIAZ**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-2220-L** |
| | § | |
| **WICHITA COUNTY TEXAS and CORRHEALTH PLLC**, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On July 31, 2024, United States Magistrate Judge David Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 45), recommending that the court **deny** Defendant Wichita County, Texas's ("Wichita County") Motion to Dismiss Plaintiffs Tiffany Hovis ("Ms. Hovis") and Donna Diaz's ("Ms. Diaz," collectively "Plaintiffs") First Amended Complaint (Doc. 19) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Doc. 29), filed February 1, 2024. Neither party filed objections to the Report, and the deadline to do so has expired.

Following the death of Matthew Ray Maxwell ("Mr. Maxwell"), a pretrial detainee at the Wichita County, Texas jail, Plaintiffs filed this lawsuit, on October 6, 2023, against Defendants Wichita County and CorrHealth PLLC (collectively, "Defendants") asserting that his constitutional rights were violated. Doc. 1; Doc. 19. Ms. Hovis sues as the dependent administrator of the Estate of Mr. Maxwell. Doc. 19 at 4. Ms. Diaz is the biological and legal mother of Mr. Maxwell. *Id.* Plaintiffs bring this 42 U.S.C. § 1983 action against Defendants after "[d]eathly ill pretrial detainee [Mr.] Maxwell horribly suffered and died an unnecessary and preventable death

from a bowel obstruction while incarcerated in the Wichita County jail as a result of Defendants' policies, practices, and customs." Doc. 19 at 1.

On November 27, 2023, Wichita County filed a Motion to Dismiss (Doc. 17). Pursuant to Rule 15, Plaintiffs filed their First Amended Complaint (Doc. 19). On February 1, 2024, Wichita County filed its Motion. The court referred the Motion to Judge Horan for hearing, if necessary, and for him to submit to the court proposed findings and recommendations. (Doc. 29). After the Motion was fully briefed, Judge Horan entered the Report recommending that the Motion be denied. Specifically, the Report concludes that:

> [T]he motion should be denied because Plaintiffs' amended complaint contains enough plausible allegations, accepted as true, to "permit a reasonable inference" as to the existence of unconstitutional conditions of confinement at the County's jail that are not reasonably related to a legitimate governmental objective and that caused harm to Maxwell, such that the County has not carried its burden to show that, "even in [Plaintiffs'] best-case scenario, the [amended] complaint does not state a plausible case for relief."

Report at 22 (citing *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020)). As stated, Wichita County did not file objections to the Report, and the time to do has passed.

Accordingly, having reviewed the Motion, Response, Reply, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Therefore, Wichita County's Motion is **denied**.

**It is so ordered** this 15th day of August, 2024.

Sam A. Lindsay<br>
United States District Judge

Order – Page 2