IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HOVIS, as dependent administrator of and on behalf of the ESTATE OF MATTHEW RAY MAXWELL, and MATTHEW RAY MAXWELL's heir(s)-at-law and wrongful death beneficiaries; and DONNA DIAZ, individually, § § § § § § § § | | |
| Plaintiffs, § § | | |
| V. § § | No. 3:23-cv-2220-L | |
| WICHITA COUNTY, TEXAS; and CORRHEALTH PLLCC A/K/A CORRHEALTH, § § § § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO QUASH INTERROGATORIES**

Plaintiffs move to quash Defendant Wichita County, Texas's Interrogatories to Tiffany Hovis on Behalf of Minor N.J.M. and the County's Interrogatories to Tiffany Hovis on Behalf of Minor C.L.M. on the basis that Hovis is "one party serving only in a single capacity – as dependent administrator" – and "does not represent the minor children in any other capacity and thus cannot answer interrogatories on their behalf," and, so, "(1) the County [has] improperly served more than 25 interrogatories upon a single party, and (2) the interrogatories [are] improperly directed to Tiffany Hovis 'on behalf of' minor children to whom she is not a parent, guardian, or next friend." Dkt. Nos. 69 & 70.

United States District Judge Sam A. Lindsay referred Hovis's motion to the

undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 71.

The County responded, and Hovis replied. *See* Dkt. Nos. 72-74.

And the Court GRANTS the motion to quash for the reasons set out below.

## Legal Standards

Federal Rule of Civil Procedure 33 allows "parties to serve a limited number of interrogatories seeking answers from another party relating to any matter within the scope of discovery outlined by [Federal Rule of Civil Procedure] 26(b)." *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-194-N, 2022 WL 22894218, at *1 (N.D. Tex. Feb. 15, 2022) (citing FED. R. CIV. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.")).

And Rule 33(a)(1) "governs the numerical limitation on interrogatories," *Est. of Manship v. United States*, 232 F.R.D. 552, 554 (M.D. La. 2005), and, pertinent to the parties' dispute, provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts," FED. R. CIV. P. 33(a)(1).

"The purpose of the limit on interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device." *Manship*, 232 F.R.D. at 554 n.1 (citation omitted).

And, so, the next sentence in the rule provides that "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

FED. R. CIV. P. 33(a)(1).

## Discussion

This 42 U.S.C. § 1983 action was brought following the death of Matthew Ray Maxwell while a pretrial detainee at the Wichita County, Texas jail.

Plaintiffs in the operative complaint are (1) "Tiffany Hovis[,] as the dependent administrator of the Estate of Matthew Ray Maxwell, Deceased" and (2) "Donna Fox, formerly known as Donna Diaz," "a natural person who is the biological and legal mother of Matthew Ray Maxwell." Dkt. No. 19, ¶¶ 1 & 2.

As to Hovis, the amended complaint further explains that

> Ms. Hovis, when asserting claims in this lawsuit as the dependent administrator, does so in that capacity on behalf of all wrongful death beneficiaries, including Donna Fox, formerly known as Donna Diaz and female minor N.J.M. (daughter of Matthew Ray Maxwell) and potentially on behalf of male minor C.L.M (possible son of Matthew Ray Maxwell) (collectively, the "Wrongful Death Beneficiaries"). Ms. Hovis seeks all wrongful death and other damages available to the Wrongful Death Beneficiaries under law. She also sues in that capacity asserting claims on behalf of the estate and all of Mr. Maxwell's heirs, including N.J.M. and potentially including C.L.M. (collectively, the "Claimant Heirs"). Ms. Hovis seeks all survival and other damages available to the Claimant Heirs under law. Ms. Hovis qualified as dependent administrator in Cause Number CCL2-PR2023-0097, in the County Court at Law No. 2 of Wichita County, Texas, in a case styled *Estate of Matthew Ray Maxwell, Deceased*.

Id., ¶ 1 (cleaned up).

The parties' dispute as to the interrogatories concerning the minors that the County served on Hovis, which exceed Rule 33(a)(1)'s limit of 25, is whether she counts as more than one party and is the proper party to respond on behalf of others who are or may be Maxwell's heirs and who may or may not currently be parties to this lawsuit.

And the Court finds that, for the purpose of the rule's numerical limitation on interrogatories, Hovis is a single party – the qualified dependent administrator of Maxwell's estate – and that the County has not shown that Hovis is positioned to answer interrogatories on behalf of N.J.M. and C.L.M.

"Under the Texas Wrongful Death Act [the "Act"], a wrongful death claim derives wholly from the cause of action that the decedent could have asserted for personal injuries had he lived," and, so, Hovis, as the qualified dependent administrator, brings claims for "[t]he designated surviving beneficiaries [who now] step into [Maxwell's] shoes." *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 849-50 (Tex. App. – San Antonio 1997, pet. denied) (cleaned up).

The Act "contemplates that only one suit shall be brought, which shall be for the benefit of all parties entitled to recover." *Id.* at 850 (citation omitted).

So "[a]ll or anyone of the parties, to whom the right of action is given, may bring suit, and where it is brought by only one or some but not all of the parties, it must appear that the suit was brought for the benefit of all." *Id.* (cleaned up).

And "the suit may be brought for the benefit and use of those not actually prosecuting the claim without their knowledge or consent." *Id.* (citation omitted).

"The provision requiring all beneficiaries to be parties, however, was enacted chiefly for the benefit of the defendants in such a suit, to protect them against the bringing of several suits arising out of the same transaction," and, importantly, "[t]hose who are not parties are not precluded by a judgment rendered in a case brought by the other beneficiaries." *Smithart v. Sweeney*, No. 05-97-01901-CV, 2001

WL 804492, at *3 (Tex. App. – Dallas July 18, 2001, pet. denied) (citing *Avila*, 948 S.W.2d at 850); *see also Avila*, 948 S.W.2d at 850 ("[W]hen the suit is not prosecuted for the benefit of all of said parties, and this is developed during the trial, it is the duty of the court, when requested in a motion for new trial, to set aside the verdict, because all the beneficiaries named in the act are necessary parties." (citations omitted)).

So, under the Act, while the intention is to bring one suit on behalf of all beneficiaries – "and where it is brought by only one or some but not all of the parties, it must appear that the suit was brought for the benefit of all," *Avila*, 948 S.W.2d at 850 – it remains the defendant's responsibility – if it intends to avoid a second suit arising from the same transaction – to ensure that all beneficiaries are made parties.

But not all beneficiaries, even if made parties, will be active participants. *See id.* ("Although the Act speaks of a single suit, it is intended that the single suit be one where all of the beneficiaries appear as plaintiffs actively presenting their claim, or one in which one or some of the beneficiaries purport to prosecute a claim for the benefit of all entitled under the act."); *cf. Smith v. Yamaha Motor Co.*, No. 5:06-cv-90(DF), 2007 WL 9724647, at *2 (E.D. Tex. Apr. 10, 2007) ("[T]he Complaint's recitation that Jimmie Ruth Smith brings the suit on behalf of all beneficiaries, coupled with the active participation of the adult children, who are undisputedly beneficiaries under the Act, should have placed Defendants on notice that the adult children are parties to the suit," and, so, "evidence of their damages is appropriate.").

And, so, the Court agrees with Hovis that, at this point it's not certain that

C.L.M. and N.J.M. are parties. Regardless, "[e]ven if C.L.M. and N.J.M., as wrongful death beneficiaries, were considered parties to this lawsuit, … the only capacity in which Ms. Hovis is a party to this lawsuit is as dependent administrator of Mr. Maxwell's estate," exercising her "legal duties as estate administrator," but "she is neither child's parent, guardian, or next friend and," as such, "does not have legal authority to appear on their behalf in those capacities." Dkt. No. 69 at 4.

And, as Hovis correctly explains, the County may seek "discovery about those minor children through other discovery tools, such as subpoenas or depositions of other individuals with relevant knowledge about the minor children and their relationship with Mr. Maxwell," but "[t]he proper discovery tool" to obtain such discovery "is not interrogatories served on Ms. Hovis, who does not represent the children as a parent, guardian, or next friend." *Id.* at 5 (citations omitted); *cf. Obinyan v. Prime Therapeutics LLC*, No. 3:18-cv-933-D, 2021 WL 135983, at *1, *2 (N.D. Tex. Jan. 14, 2021) ("To the extent Obinyan seeks to compel interrogatory responses from Prime, who is not a party to this lawsuit, Obinyan's motion is denied. Interrogatories may not be directed to nonparties." (citation omitted)); *Chiquita Fresh N. Am., LLC v. Long I. Banana Corp.*, 14-982 (ADS) (AKT), 2018 WL 4853049, at *2 (E.D.N.Y. Sept. 28, 2018) ("As indicated by the text of Rules 33 and 34, the discovery devices available under those rules are reserved for party to party production," while "[d]iscovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties." (cleaned up)).

## Conclusion

The Court GRANTS Plaintiffs' Motion to Quash Defendant Wichita County, Texas's Interrogatories to Tiffany Hovis on Behalf of Minor N.J.M. and Defendant Wichita County, Texas's Interrogatories to Tiffany Hovis on Behalf of Minor C.L.M. [Dkt. No. 69].

And the Court determines that each side will bear its own costs in connection with Plaintiffs' motion.

SO ORDERED.

DATED: September 24, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE