IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HOVIS, as dependent administrator of and on behalf of the ESTATE OF MATTHEW RAY MAXWELL, and MATTHEW RAY MAXWELL's heir(s)-at-law and wrongful death beneficiaries; and DONNA DIAZ, individually, <br><br> Plaintiffs, <br><br> V. <br><br> WICHITA COUNTY, TEXAS; and CORRHEALTH PLLCC A/K/A CORRHEALTH, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | No. 3:23-cv-2220-L |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs moved under Federal Rule of Civil Procedure 37(a) to compel Defendant CorrHealth, PLLC a/k/a CorrHealth ("CorrHealth") to produce all documents responsive to certain of their Federal Rule of Civil Procedure 34 requests for production ("RFPs") – RFP Nos. 15-17, 31, 36, 40, 41, 43, 45, 46, 48, 49, 52, and 61-63 [Dkt. No. 84] (the "MTC").

United States District Judge Sam A. Lindsay referred the MTC to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 85.

CorrHealth filed a response to the MTC. *See* Dkt. No. 113. And Plaintiffs replied. *See* Dkt. No. 117.

The Court GRANTS the MTC for the reasons and to the extent set out below.

And, because it furthers the analysis below (and may assist Judge Lindsay should objections be filed to this memorandum opinion and order), the undersigned will set out in full CorrHealth's third supplemental responses to RFP Nos. 15-17, 31, 36, 40, 41, 43, 45, 46, 48, 49, 52, and 61-63:

> **REQUEST FOR PRODUCTION NO. 15:** Produce copies of all pleadings for all lawsuits filed against you or any of your employees concerning a death in custody that occurred or was believed to have occurred as a result of a medical condition or of natural causes during the Specified Period.
> **RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. Defendant further objects to this Request on the grounds that it calls for production of materials equally available to all parties. Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege. Defendant further objects to the extent peer review privilege applies.
> Defendant is withholding materials responsive to this Request based on the objections stated above which are publicly available to all parties.
> **REQUEST FOR PRODUCTION NO. 16:** Produce copies of all documents (other than pleadings), letters, and e-mails you received during the Specified Time Period concerning a death in custody that occurred or was believed to have occurred as a result of a medical condition or of natural causes.
> **RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. Defendant objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or

attorney work product doctrines. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege. Defendant further objects to the extent peer review privilege applies.

Defendant is withholding materials responsive to this Request based on the objections stated above, specifically medical records of third parties. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 17:** Produce copies of all documents that evidence or reference any orders sent by any state agency, court, or judge during the Specified Time Period that provides instructions to you or your personnel related to the Topics.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege. Defendant further objects to the extent peer review privilege applies.

Defendant is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:** Produce all handwritten notes related to the Incident (other than any handwritten notes made by your counsel).

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical

Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 36:** Produce copies of all meeting agendas and minutes for any meeting that occurred after the Incident and related to the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 40:** Produce a copy of your complete file, including all documents, emails, electronic documents, audio recordings, and video recordings, that is related to the any activity that took place during the Incident and its precipitating and subsequent events, including all police reports.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical

Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 41:** Produce copies of all audio recordings of all telephone calls placed on the date of or after the date(s) of the Incident that are related to the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 43:** Produce copies of all documents which reference the Deceased, such as emails, memos, notes, and documents concerning any previous incarceration or contact with the Deceased.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the

case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 45:** Produce copies of all documents, photos, digital images, e-mails, and electronic information you ever received about the Deceased from any medical care or health services provider or contractor.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to this Request as it calls for disclosure of information prior to the deadline set for such disclosures. Defendant further objects to this Request on the grounds that it is premature. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 46:** Produce copies of all logs and other documents listing all detainees in the Jail for the time

period beginning four hours before the first date of the Incident and concluding four hours after the last date of the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege. Defendant further objects to the extent peer review privilege applies.

Defendant is withholding materials responsive to this Request based on the objections stated above, third party patient medical records.

**REQUEST FOR PRODUCTION NO. 48:** Produce copies of all documents that evidence or reference communications (whether oral, written, electronic, or otherwise) by and between anyone (including but not limited to the County's employees, Corrhealth's, the Texas Rangers, the Texas Department of Public Safety, any other law enforcement agency, or any investigative or prosecutorial agency) relating to Plaintiff(s) or the Deceased (excluding written communications between or among counsel in this case).

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies. Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously

asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 49:** Produce copies of all documents, digital files, emails, and electronic records, audio recordings, and video recordings evidencing or relating to any recreation of any portion of the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. Only core work product is being withheld as it pertains to attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO. 52**: Produce color copies of all text messages, including copies of any attachments sent by text message, such as photographs and audio and video recordings regarding the Incident or the Deceased.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the

case based on the factors set forth in Fed.R.Civ.P. 26(b)(l). Defendant further objects to this Request as it calls for production of information and/or materials protected by the attorney-client and/or attorney work product doctrines. Defendant further objects to the extent peer review privilege applies.

Defendant incorporates all such documents previously produced by all parties. To the extent such is responsive to this Request, Defendant is withholding a telephonic recorded Clinical Mortality Review protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege. To the extent such is responsive to this Request, only core work product is being withheld as it pertains to attorney-client and work product privileges. Defendant is not aware of any text messages.

**REQUEST FOR PRODUCTION NO. 61:** Produce copies of letters, documents, and reports related to any death that occurred in Jail as a result of a medical condition or of natural causes for the time period beginning 10 years before the Incident and concluding 2 years after the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege.

Defendant is withholding materials responsive to this Request based on the objections stated above such as third party patient medical records.

**REQUEST FOR PRODUCTION NO. 62:** Produce copies of all complaints you received from any person regarding medical needs, medical care, or healthcare services in Jail, as well as any written responses made by you, for the time period beginning 10 years before the Incident and concluding 2 years after the Incident.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in

- 9 -

scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege.

Defendant is withholding materials responsive to this Request based on the objections stated above, including third party patient medical records.

**REQUEST FOR PRODUCTION NO. 63:** Produce copies of all documents that evidence communications between you and the Texas Commission on Jail Standards that occurred during the time period beginning 10 years before the Incident and concluding 2 years after the Incident regarding any detainee issues, such as illness, injury, or death.

**RESPONSE:** Defendant objects to this Request on the grounds that it is harassing, over burdensome, and not sufficiently limited in scope. Defendant further objects to this Request as seeks information that is not relevant and reasonably calculated to lead to the discovery of relevant information. Defendant further objects to this Request as it is a mere fishing expedition. Defendant further objects to this Request on the grounds that it seeks information in violation of privacy rights. This Request further seeks information that is not relevant to any claim or defense in this case, and/or that is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Additionally, the requested information would include confidential medical information to which third parties have reasonable expectations of privacy, and which are legally protected from disclosure by the physician/patient privilege.

Defendant is withholding materials responsive to this Request based on the objections stated above such as third party patient medical records to the extent such is responsive to this Request. Defendant is not aware of any such documents in connection with the incident at issue.

Dkt. No. 84-1 at 33-45 (cleaned up).

## Discussion

The Court has laid out the standards that govern a Rule 37(a) motion to compel

as to Rule 34 requests for production, and the Court incorporates and will apply – but will not repeat – those standards here. *See VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 417-21 (N.D. Tex. 2021); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-79 (N.D. Tex. 2018).

Starting with relevance, CorrHealth mechanically reasserts that most of the subject RFPs are not "reasonably calculated to lead to the discovery of relevant information." But "[t]he 2015 amendments to Rule 26 deleted 'from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence,'" and the governing standard under Federal Rule of Civil Procedure 26(b)(1) now provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Mahalingam v. Wells Fargo Bank, N.A.*, 349 F.R.D. 127, 143 (N.D. Tex. 2023) (cleaned up).

And this action under 42 U.S.C. § 1983 for violations of a pretrial detainee's constitutional rights is a "conditions of confinement" case, which "is a constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement that amount to punishment of the detainee." *Hovis v. Wichita Cnty., Tex.*, No. 3:23-cv-2220-L, 2024 WL 3836559, at *5 (N.D. Tex. July 31, 2024) (cleaned up; quoting *Est. of Bonilla v. Orange Cnty., Tex.*, 982 F.3d 298, 308 (5th Cir. 2020)), *rec. accepted*, 2024 WL 3841480 (N.D. Tex. Aug. 15, 2024).

> To state a conditions-of-confinement claim, a plaintiff must allege (1) a rule or restriction or the existence of an identifiable intended condition or practice or that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related

>   to a legitimate governmental objective; and (3) which caused the violation of the inmate's constitutional rights.
>       In other words, the conditions themselves constitute the harm, regardless of any individual's act or omission.
>       So, in conditions cases, the policies alleged impose durable restraints or impositions on inmates' lives that transcend a single act or omission by an officer.
>       And, in such cases, even if only a single detainee is harmed, the alleged cause of the harm is the broader conditions, practices, rules, or restrictions.

Id. at *6 (cleaned up).

And, as the Court also previously explained,

> "succeeding on a conditions-of-confinement claim is more difficult when that claim rests upon an alleged de facto, rather than explicit, policy." *Brooks v. Taylor Cnty.*, No. 1:20-cv-49-H, 2021 WL 4458380, at *24 (N.D. Tex. Sept. 29, 2021). And, while the present focus is plausible allegations, "[a] plaintiff may establish a de facto policy by presenting evidence such as commissioned reports, consistent employee testimony, or other documentary evidence indicating inmates received 'grossly inadequate' treatment." *Id.* (cleaned up). And, when "multiple employees act in the same unconstitutional manner, that is indicative of a de facto [municipal] policy." *Id.* (citation omitted).
>       And, in this circuit, a plaintiff need not "show that a 'policy or practice [was] the exclusive cause of the constitutional deprivation,'" so [c]ourts 'may ... consider how individual policies or practices interact with one another within the larger system.'" *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 795 (5th Cir. 2020) (emphasis omitted; quoting *M.D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 254, 255 (5th Cir. 2018)). "This is because confinement conditions may be constitutionally inadequate if, when viewed in combination, they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

*Id.* at *9 (citation modified).

The Court revisits these findings to illustrate that in a "conditions of confinement" case where the pleaded harms are based on de facto and interrelated policies and practices, such as this one, requests seeking documents that are relevant to a plaintiff's claims can be rather broad considering the plaintiff's burden. *Accord*

*McGowan v. S. Methodist Univ.*, No. 3:18-cv-141-N, 2023 WL 2920848, at *1 (N.D. Tex. Apr. 11, 2023) ("Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant.").

In addition, the Court is not persuaded that CorrHealth's objections and responses to the subject RFPs comply with Federal Rule of Civil Procedure 34(b).

First, as illustrated above, almost the entirety of CorrHealth's objections amount to "unsupported boilerplate," and, so, those objections "are invalid based on [CorrHealth's] failing to make the objections 'with specificity' and 'to explain and support [its] objections.'" *Mahalingam*, 349 F.R.D. at 143 (quoting *VeroBlue*, 345 F.R.D. at 419); *see id.* ("For objections that deserve the label 'boilerplate,' counsel's repeating them in response to more than one discovery request is not the problem; counsel's failing to explain the basis for them as to each individual discovery request is.").

The one exception to this boilerplate appears to be CorrHealth's explanation that it objects to the production of "a telephonic recorded Clinical Mortality Review" that it asserts is "protected by the objections previously asserted including attorney-client privilege, attorney work product privilege as it contained confidential communications and analysis developed in anticipation of litigation and peer review privilege."

As it further explains in its response to the MTC, "CorrHealth has disclosed all of the medical records, their employee files and their policies in place at the time

- 13 -

of the incident. The direct communication between counsel and CorrHealth and the Clinical Mortality Review (where general counsel was present) is all that has not been produced." Dkt. No. 113 at 10.

CorrHealth then urges the Court to apply a peer-review privilege to shield this material from production. *See id.* at 10-12.

While, "[u]nder Texas law, the records and proceedings of a medical committee are privileged from disclosure by statute," *Zenith Ins. Co. v. Tex. Institute for Surgery, L.L.P.*, 328 F.R.D. 153, 163 (N.D. Tex. 2018) (citations omitted), "[i]t is well established that federal privilege law governs in a federal question case involving only federal law" – like this case, *Guzman v. Mem'l Hermann Hosp. Sys.*, Civ. A. No. H-07-3973, 2009 WL 427268, at *3 (S.D. Tex. Feb. 20, 2009) (citations omitted).

And, because "federal privilege law applies, the peer review documents are not privileged," as "[c]ourts have repeatedly held that the [federal Health Care Quality Improvement Act of 1986 (HCQIA), 42 U.S.C. § 11101, *et seq.*] did not create a federal privilege protecting medical peer review records from discovery and court subpoena." *Id.* (collecting cases, including *Poliner v. Tex. Health Sys.*, 201 F.R.D. 437, 438 (N.D. Tex. 2001)).

In sum, the Court OVERRULES CorrHealth's objections and will order that it produce all unproduced, non-privileged documents and electronically stored information that are responsive to the subject RFPs in its possession, custody, or control.

And, because the Court has overruled its objections, including as to a privilege

protecting medical peer review records – and considering CorrHealth's argument in response to the MTC that it need not be required to log all responsive materials withheld based on the attorney-client or a similar (still applicable) privilege, *see* Dkt. No. 113 at 12-13 – the Court reminds CorrHealth of its obligations under Federal Rule of Civil Procedure 26(b)(5), *see, e.g.*, *Heller v. City of Dall.*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) ("To comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log or equivalent document complying with Federal Rule of Civil Procedure 26(b)(5)(A)'s requirements must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection. Accordingly, a party may properly raise and preserve an objection to production of documents in response to a specific document request or interrogatory by objecting 'to the extent' that the requests seeks privileged materials or work product, so long as the responding party also provides the information required by Rule 26(b)(5)(A).").

Finally, after carefully reviewing the parties' arguments as to awarding expenses under Federal Rule of Civil Procedure 37(a)(5) and considering all the circumstances here and the Court's rulings above, the Court determines that, under Rule 37(a)(5)(C), the parties will bear their own expenses, including attorneys' fees, in connection with the MTC.

## Conclusion

The Court ORDERS Defendant CorrHealth, PLLC a/k/a CorrHealth to, by

**Monday, March 2, 2026**, produce all unproduced, non-privileged documents and electronically stored information that are responsive to Request Nos. 15-17, 31, 36, 40, 41, 43, 45, 46, 48, 49, 52, and 61-63 in Plaintiffs' First Set of Discovery Requests that are in Defendant CorrHealth, PLLC a/k/a CorrHealth's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements, as explained above and laid out in *VeroBlue*, 345 F.R.D. at 417-21, and *Lopez*, 327 F.R.D. at 575-79.

SO ORDERED.

DATED: February 10, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE